**SO ORDERED.**

**SIGNED this 02 day of April, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

DANIEL MATTHEWS,                              CASE NO. 09-04497-8-JRL
                                              Chapter 13
    DEBTOR.

**ORDER**

This case is before the court on the debtor's objection to the claim of the Internal Revenue Service ("IRS"). On March 31, 2010, the court conducted a hearing on this matter in Raleigh, North Carolina.

The debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on May 29, 2009. The IRS timely filed its proof of claim on September 30, 2009, asserting a secured claim in the amount of $14,383.23 and an unsecured priority claim of $1,906.16. Objecting to the IRS' secured claim, the debtor argues that the real and personal property to which the IRS lien purports to attach is exempt from levy under 26 U.S.C. § 6334 .

A federal tax lien attaches to "all property and rights to property, whether real or personal" belonging to a taxpayer upon neglect or refusal to pay taxes due after demand for payment. 26 U.S.C. § 6321. A lien is a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). Although a lien must attach to

property before the property may be seized to satisfy a debt, levy does not necessarily follow the attachment of a lien. In chapter 13, debtors are permitted to retain property subject to prior encumbrances, and creditors' liens remain intact until the underlying debt obligations are satisfied. As explained by the Court of Appeals for the Ninth Circuit:

> The difference between a levy and a lien [] suggests why a lien should still attach to property exempt from levy. A levy forces debtors to relinquish their property. It operates as a seizure by the IRS to collect delinquent income taxes. . . . A lien, however, is merely a security interest and does not involve the immediate seizure of property. A lien enables the taxpayer to maintain possession of protected property while allowing the government to preserve its claim . . . ."

United States v. Barbier, 896 F.2d 377, 379 (9th Cir. 2009). Thus while the debtor correctly asserts that § 6334 exempts certain property from levy, it does not follow that such property is exempt from the attachment of tax liens nor that such liens may be avoided in bankruptcy. Furthermore, a tax lien may attach to real and personal property regardless of any exemptions that are available to the debtor under state law. See 11 U.S.C. § 522(c)(2)(B); see also Jeffrey v. United States (In re Jeffrey), 261 B.R. 396, 398-99 (Bankr. W.D. Pa. 2001); In re May, 194 B.R. 853, 855-56 (Bankr. D.S.D. 1996).

Based on the foregoing, the court finds that the IRS lien attached to all of the debtor's real and personal property pre-petition. The debtor's objection to the claim of the IRS is **OVERRULED**, and that the IRS' secured claim in the amount of $14,383.23 and unsecured priority claim of $1,906.16 are hereby **ALLOWED**.

**"END OF DOCUMENT"**